UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM T. BREWER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7394** |
| **BURL CAIN, WARDEN** | **SECTION "J"(3)** |

## TRANSFER ORDER

Petitioner, WILLIAM T. BREWER, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his January 2000 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1)   He was denied his constitutional right of due process guaranteed under the Fourteenth Amendment;

2)   The trial court quashed the charge from attempted second degree murder to attempted manslaughter and the jury was improperly instructed in this regard;

3)   Trial counsel's representation was ineffective because he failed to present a defense or call an expert witness to challenge the State's serology evidence;

4)   Appellate counsel's performance was deficient because he failed to raise the issues herein on appeal.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled William T. Brewer v. Burl Cain,

<u>Warden</u>, Civil Action 03-1516 "J"(3).  In that petition, petitioner raised the following grounds for relief:

1) There was insufficient evidence to support petitioner's conviction;

2) The trial court erroneously denied petitioner's post-verdict motions for a new trial and for acquittal;

3) Petitioner's rights were violated when the trial court overruled his objection to alleged improper questioning of Detective Juge by the prosecution;

4) The trial court erroneously admitted prejudicial photographs into evidence; and

5) The trial court imposed a sentence that was constitutionally excessive, and therefore, erroneously denied petitioner's motion for reconsideration of his sentence.

That petition was dismissed with prejudice on the merits by Judgment entered April 27, 2004. Petitioner appealed that judgment.  The court of appeal denied his request for a certificate of appealability.  See Rec. Doc. #16.

The petition presently before the Court is considered to be  a second or successive petition as described by 28 U.S.C. § 2244.  In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A).  Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that WILLIAM T. BREWER's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 23rd day of May, 2007.

_____
UNITED STATES DISTRICT JUDGE